[Cite as *State v. Davis*, 2018-Ohio-1763.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   17CA011091 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY W. DAVIS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.   16CR093262 |

DECISION AND JOURNAL ENTRY

Dated: May 7, 2018

CARR, Judge.

{¶1}   Defendant-Appellant Anthony W. Davis appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In connection with a homicide, Davis was indicted on two counts of murder, two counts of felonious assault, one count of tampering with evidence, and two counts of having weapons while under disability.  The murder and felonious assault counts each included a firearm and repeat violent offender specification.  The charge for tampering with evidence included two accompanying firearm specifications.  Ultimately, the State dismissed one of the firearm specifications accompanying the tampering with evidence charge.

{¶3}   Davis filed a motion to suppress alleging that police elicited his initial statements without providing the warnings set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966).  Thus, Davis argued that his later post-*Miranda* statements were also inadmissible as fruit of the

poisonous tree. The State opposed the motion and a hearing was held. The trial court issued a journal entry overruling the motion to suppress. The trial court found the officer's testimony credible and concluded that the public safety exception applied. Thus, the trial court determined that the officer's initial questioning inquiring about a weapon did not require *Miranda* warnings.

{¶4} The matter proceeded to a jury trial. Davis was found guilty of the charges and specifications in the indictment and was sentenced to an aggregate term of 25 years to life in prison.

{¶5} Davis has appealed, raising a single assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS STATEMENTS BECAUSE THE INITIAL QUESTIONING OF DEFENDANT-APPELLANT ROSE TO THE LEVEL OF CUSTODIAL INTERROGATION AND IS SUBJECT TO *MIRANDA*. (Emphasis added.)

{¶6} Davis argues in his sole assignment of error that the trial court erred in failing to suppress Davis' statements. Specifically, he maintains that the police officers were required to *Mirandize* him prior to asking him about whether he had any weapons. Additionally, Davis asserts that the trial court's factual finding concerning what was asked of Davis was not supported by competent, credible evidence. Davis asserts that, during the initial questioning, he was asked where the gun was and maintains the trial court's finding that Davis was asked if he had any weapons was not based on credible evidence. Davis finally argues that his subsequent statements to police after receiving *Miranda* warnings were inadmissible as they were fruit of the poisonous tree.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress,

the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8} "Under *Miranda*, * * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." (Internal quotations and citations omitted.) *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 113. "Custody for purposes of entitlement to *Miranda* rights exists only when there is a restraint on freedom of movement of the degree associated with a formal arrest. Whether a suspect is in custody depends on the facts and circumstances of each case." (Internal quotations and citations omitted.) *State v. Russell*, 9th Dist. Wayne No. 16AP0037, 2017-Ohio-7923, ¶ 6. "However, when officers ask questions necessary to secure their own safety or the safety of the public as opposed to questions designed solely to elicit testimonial evidence from a suspect, they do not need to provide the warnings required by *Miranda*." (Internal quotations omitted.) *Maxwell* at ¶ 113, quoting *New York v. Quarles*, 467 U.S. 649, 659 (1984).

{¶9} In determining whether statements are admissible under the *Quarles* public-safety exception, the Supreme Court of Ohio has adopted the test set forth in *United States v. Williams*, 483 F.3d 425, 428 (6th Cir.2007). *See Maxwell* at ¶ 116-122. "For an officer to have a reasonable belief that he is in danger, and thus for the exception to apply, he must have reason to

believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it." (Internal quotations omitted.) *Maxwell* at ¶ 117, quoting *Williams* at 428. "*Williams* stated that this evaluation of the applicability of the *Quarles* exception takes into consideration a number of factors, which may include the known history and characteristics of the suspect, the known facts and circumstances of the alleged crime, and the facts and circumstances confronted by the officer when he undertakes the arrest." (Internal quotations and citations omitted.) *Maxwell* at ¶ 117.

{¶10} At the suppression hearing, two officers and Davis testified. Officer Juan Rodriguez of the Lorain Police Department was a member of the SWAT team and was called in on January 17, 2016 to assist in looking for a homicide suspect, Davis. Officer Rodriguez was aware that the victim had been shot. Around 7 to 8 a.m., he and his partner, Officer Shamblin, were looking in the area of First and Hamilton, which was a residential area, and two other officers were searching in a nearby area. Officers Rodriguez and Shamblin observed a male matching the description walking toward them. Officer Rodriguez approached from his vehicle and stopped approximately 50 feet from the suspect. At the same time, the other two officers were approaching from behind. As Officers Rodriguez and Shamblin approached, they realized that the man was Davis. They approached with weapons drawn and ordered Davis to show his hands. Davis raised his hands. Officer Rodriguez then asked "Do you have any weapons on you?" Davis responded, "No, I don't have no weapons on me. I threw it in the lake." (Sic.) The two other officers approached from the rear and secured Davis' arms and began to pat him down. Officer Rodriguez testified that he asked the question of Davis "for [their] safety[]" and acknowledged that Davis was not free to leave. The officers also asked Davis if he was in fact Davis and found identification on Davis confirming his identity.

{¶11} Davis was brought to the police station and was placed in an interview room. Sergeant Buddy Sivert met with Davis and informed him of his *Miranda* rights. Davis signed a waiver of rights form but wrote at the bottom that "[b]efore [he] made it to this point [he] was questioned without rights being read." After a short break, requested by Davis, Davis was again read his *Miranda* rights. Shortly thereafter, Davis mentioned an attorney and Sergeant Sivert ceased questioning Davis.

{¶12} The next day, Davis requested to speak with Sergeant Sivert. Davis again signed a waiver of rights form. Sergeant Sivert confirmed that Davis had in fact asked to speak with Sergeant Sivert. Davis then provided a lengthy statement.

{¶13} Davis testified in support of his motion. He testified that he was walking to the police station when he saw a police car come up behind him and one of the officers had the door open with his gun drawn. The officer asked his name and Davis told the officer his name. The officer told Davis the officer had a warrant for his arrest and an officer handcuffed Davis. Around that time, Davis asserted Officer Rodriguez arrived on the scene. Davis maintained that Officer Rodriguez did not question Davis, and instead the officer Officer Rodriguez was with questioned Davis. Davis asserted that that officer asked Davis what Davis did with the gun and Davis told the officer that Davis threw it in the river. According to Davis, the officer then asked Davis why Davis killed the victim. Davis shrugged his shoulders, dropped his head and shook it. The officer then asked a few more questions, which are not challenged in this appeal, and Davis was then placed in a police car.

{¶14} The trial court noted that Officer Rodriguez's and Davis' testimony conflicted with respect to whether Davis was questioned before or after he was handcuffed. The trial court found Officer Rodriguez's testimony credible and stated that it "is logical that an officer who

encounters a suspect in a murder involving a weapon would ask the suspect about any weapons prior to approaching the suspect to secure him/her."

**{¶15}** Despite Davis' argument to the contrary, we conclude that, in light of Officer Rodriguez's testimony, the trial court's factual findings about when Davis was questioned and what he was asked are supported by competent, credible evidence. We remain mindful that the trial court, as the trier of fact, is in the best position to evaluate the credibility of the witnesses. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Given those factual findings, we conclude that the trial court did not err in concluding that the public safety exception was applicable. The officers were aware that a woman was recently shot and killed and that Davis was a suspect. Thus, it would be reasonable for the officers to believe that Davis could be armed. *See Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, at ¶ 117. Further, when Officer Rodriguez asked Davis if he had any weapons, Davis was not handcuffed. Thus, if Davis did have a gun, he would pose a threat to the officers and community. *See id.* Therefore, there was evidence supporting both prongs of the test articulated in *Williams*. *See Maxwell* at ¶ 117. Accordingly, the trial court did not err in concluding that police were not required to read Davis his *Miranda* rights prior to asking Davis if he had a weapon. Further, as Davis' fruit of the poisonous tree argument is premised on the foregoing alleged *Miranda* violation, and we have concluded there was no *Miranda* violation, his remaining argument must also fail.

**{¶16}** Davis' sole assignment of error is overruled.

III.

**{¶17}** Davis' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

7

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P.J.
SCHAFER, J.
CONCUR

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.